UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEST OF EVERYTHING
OF SOUTHWEST FLORIDA, INC.,

        Plaintiff,

v.                                            Case No.  8:11-cv-1090-T-24-MAP

SIMPLY THE BEST, LLC, et al.,

        Defendants.

_____/


## ORDER

This cause comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Doc. No. 9).  Plaintiff has filed a response in opposition (Doc. No. 18).  For the reasons stated herein, the motion is granted in part and denied in part.

**I.      Background**

On May 17, 2011, Plaintiff, Best of Everything of Southwest Florida, Inc., filed a complaint against Simply the Best, LLC, Jason Slottje, Spencer Slottje, Jocelyn Weinzimmer, and various John Does, Jane Does, and ABC Companies (collectively, "Defendants").  In its Verified Complaint (Doc. No. 1), Plaintiff alleges eight counts of Lanham Act[1] violations, including Federal Trade Dress Infringement under 15 U.S.C. § 1125(a).

Plaintiff is a retail business that sells "fashion jewelry, sterling silver items, purses, handbags, scarves, sunglasses, watches, accessories, plush toys, gifts" and related items.  (Doc. No. 1, ¶16.)  Relevant to this motion, Plaintiff alleges that Defendants and their agents visited

_____

    [1]  15 U.S.C. § 1051, et seq.

Plaintiff's stores, surveilled Plaintiff's business activities, and studied Plaintiff's trade dress to gather information in furtherance of Defendants' efforts to infringe on Plaintiff's image. (Doc. No. 1, ¶ 41.) Plaintiff alleges that Defendants took photographs, measurements, sketches, and detailed notes and drawings of Plaintiff's stores, noting Plaintiff's trade dress and intending to duplicate what they observed. (Doc. No. 1, ¶ 42.) And Plaintiff alleges that, with this information, Defendants "continuously, openly, regularly and actively engaged in the detailed and slavish duplication and imitative use of the same or confusingly similar distinctive non-functional trade dress" as Plaintiff's. (Doc. No. 1, ¶ 51.)

Defendants move for partial dismissal of Plaintiff's Complaint. Specifically, Defendants seek dismissal of Defendant Weinzimmer, the Doe Defendants, the ABC Company Defendants, and Count III, which alleges Federal Trade Dress Infringement.

## II.    Standard of Review

In deciding a motion to dismiss, the district court must view the complaint in the light most favorable to the plaintiff. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief so that the defendant receives fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.*

If a complaint's well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of a complaint's factual allegations are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. A plaintiff may not open the door to discovery "armed with nothing more than [legal] conclusions." *Id.* at 1950.

## III. Discussion

### A. Count III: Trade Dress Infringement

Defendants contend dismissal of Plaintiff's Trade Dress Infringement claim is warranted because the Complaint fails to define Plaintiff's trade dress sufficiently, fails to explain why its trade dress is non-functional, and fails to explain why its trade dress is distinctive—either inherently or by having acquired a secondary meaning. Plaintiff alleges that Defendants' infringement of its trade dress includes, but is not limited to, "the use of the same or substantially similar look and feel, colors, color combinations, schemes, signs, tables, fabrics, table cloths and the overall look, feel and commercial presentation to the public." (Doc. No. 1, ¶ 51.)

Plaintiff's description of its own trade dress is long on vague descriptions and short on facts. For instance, it states:

> Plaintiff's Trade Dress includes, but is not limited to the commercial impression, and overall look and feel of Plaintiff's stores, the unique and highly distinctive combination of separate aspects of the same, the presentation of Plaintiff's goods and the placement of its trade dress in such a manner which creates a remarkably memorable and commercially pleasing shopping experience for Plaintiff's customers, its prospective customers and the consuming public.

(Doc. No. 1, ¶ 33.) Because the Complaint provides only conclusory allegations and few, if any,

facts, it is vague and deprives Defendants of fair notice. Consequently, the Court agrees that Plaintiff's description of its trade dress is insufficient to survive a motion to dismiss. The Court dismisses Count III without prejudice and grants Plaintiff leave to amend.

**B.      Claims Against Jocelyn Weinzimmer**

An individual may be held liable for Lanham Act violations if she has "actively caused the infringement as a moving, conscious force." *See Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477–78 (11th Cir. 1991) (considering trademark infringement under the Lanham Act). Defendants argue that all of the claims against Weinzimmer should be dismissed because Plaintiff has not alleged that she "holds any position of authority" with Simply the Best or "has any business relationship with [the company] that would permit her to be an active, conscious, and dominant force behind the alleged misconduct." Additionally, Defendants contend that the Complaint was improper with respect to Weinzimmer because it attributed all alleged wrongdoing—shotgun-style—to all Defendants, including Weinzimmer.

Plaintiff has alleged that a relationship exists between Weinzimmer and Simply the Best. The precise nature of Weinzimmer's relationship with Simply the Best is a discoverable fact, and should the discovery process reveal that Weinzimmer was not a moving, conscious force behind the alleged infringement, Defendants may raise the issue in a motion for summary judgment. But at the initial pleading stage, particularly viewing the Complaint in the light most favorable to Plaintiff, the current allegations are sufficient to state a claim.

**C.      Claims Against John Doe, Jane Doe, and ABC Company Defendants**

Generally, "fictitious party practice is not permitted in federal Court," *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997), but there is a limited exception to

this rule when the complaint describes the defendant so specifically that his or her identity may be ascertained, *see Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992).

Plaintiff's Complaint describes various John Doe, Jane Doe, and ABC Company defendants as "individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein." (Doc. No. 1, ¶ 10.) The Complaint goes on to explain that "[t]he identities of these unnamed Defendants and the precise details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff." (Doc. No. 1, ¶ 10.)

This information is insufficient to identify these defendants; therefore, the Court will dismiss the various John Does, Jane Does, and ABC Companies without prejudice. If Plaintiff learns the identities of these people and/or companies during discovery, it may seek leave from the Court to amend its complaint to name them.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Partial Motion to Dismiss Plaintiff's Complaint (Doc. No. 9) is GRANTED IN PART. Count III is DISMISSED WITHOUT PREJUDICE, and the John Doe, Jane Doe, and ABC Company defendants are all DISMISSED. Otherwise, the motion is DENIED. If Plaintiff intends to amend its complaint as to Count III, it is directed to do so on or before October 24, 2011.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge